## David Webb et al v. Hall & Sutton.

Marshal's Bond—Mistake in Eexecution—Default Judgment.

> On appeal from a judgment by default as to the validity of a marshal's bond reciting that "David Webb, as Marshal," and others as "sureties do hereby covenant that the said David Webb as constable of Daviess county shall well and truly etc.," an objection as to this informality is not available for the first time in the Appellate Court.

### APPEAL FROM DAVIESS CIRCUIT COURT.

October 10, 1868.

OPINION OF THE COURT BY JUDGE WILLIAMS:

This was a judgment by default, at the suit of the Commonwealth for the use of Hall & Sutton, against the appellant Webb as marshal of Owensboro and his securities on his official bond.

The special statutes relating to this office required that the marshal should execute in the county court a bond to the same effect as constables are required to execute. This bond recites that "David Webb as *Marshal*" and the other named persons as "his sureties do hereby *covenant*" "that the said David Webb as *Constable of Daviess county shall well and* truly," &c. It is manifest upon the face of this bond that the county court used the form of a constable's bond and, though it is set out in the first recital that Webb as *Marshal* and his securities execute it, yet the covenant that Webb as constable was by oversight not altered to conform to the actual object, the obligatory covenants are required, by law, to be the same, it may well be questioned whether, upon a direct issue involving the sureties, this bond ought not to be held as a substantial compliance, but when the petition avers he did enter upon the discharge of his duties as marshal, and collected and failed to pay over the plaintiff's money as such, and this is not denied, the objection to this informality of the bond, for the first time made in this court, comes too late.

As the marshal had an unquestionable right to collect, within the limits of the town, if not within the entire county, which is not now necessary to decide, we cannot say upon the averments of this petition that said debtors did not reside or had property within

the town leviable, and therefore, upon default we cannot say the petition does not show a cause of action.

Wherefore, the judgment is affirmed without damages, no super-cedeas appearing.

*Ray & Hardin, for appellant.*

*Sweeney & Stuart, for appellee.*

